**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ROBERT SAFFER,**<br><br>**Plaintiff,**<br>**v.**<br>**CONVALT ENERGY, INC., & HARI ACHUTHAN**<br><br>**Defendants.** | **COMPLAINT**<br><br>**Case No.** 1:24-cv-1850 |

Plaintiff Robert Saffer brings this Complaint and alleges as follows:

## OVERVIEW

1. Robert Saffer worked as an employee of Convalt Energy, Inc. ("Convalt") from September 19, 2022 to July 2, 2023. During that period, he regularly worked 40 hours a week or more, but Defendants did not pay him for his work. Instead, they said that they would pay him an annual salary of $200,000 if and when Convalt's solar manufacturing plant in Watertown New York closed financially. By the time he left Convalt, Saffer had worked many hundreds of hours without pay. When Saffer left the Company, Defendant Achuthan executed a termination agreement on behalf of Convalt that promised to pay Saffer commissions on a sales contract that resulted from his work. Saffer understands that Convalt consummated the sale on or before December 1, 2023 and that it should have received payment on or before January 1, 2024. Under the termination agreement, Defendants should have paid Saffer $93,380 within 30 days of the contract payment. Saffer has made several attempts to confirm that Convalt will pay the commission, but Defendants have refused to pay the commission. Saffer brings this action to recover the minimum,

overtime, and commission wages that Defendants owe him, plus statutory liquidated and double damages, attorneys' fees, costs, and interest.

**JURISDICTION AND VENUE**

2. This Court has personal jurisdiction over Defendants who reside and conduct ongoing business in this State.

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States. Specifically, Saffer seeks minimum and overtime wages under 29 U.S.C. § 216(b) of the FLSA.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Saffer resides in Florida and the Defendants reside in New York State.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1337 because the claims arise under federal laws regulating commerce.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant Achuthan resides in this district and all Defendants reside in New York State.

**PARTIES**

**Plaintiff**

7. Saffer resides in Boca Raton, Florida.

8. Saffer worked for Convalt from approximately September 19, 2022 until July 2, 2023.

9. Saffer worked for Defendants in Watertown, New York and Boca Raton, Florida.

**Defendants**

10. Convalt focuses on power generation, transmission, and solar manufacturing development in the United States.

11. Convalt is a Delaware corporation headquartered at 800 Starbuck Avenue, A15, Watertown, NY 13601.

12. Convalt is a portfolio company of ACO Investment Group.

13. Hari Achuthan is the Founder, Chairman and Chief Executive Officer of Convalt and of ACO Investment Group.

14. Achuthan's business address is 1185 Avenue of the Americas, 3rd Floor, New York, NY 11036.

15. Upon information and belief, Achuthan resides in New York County in the State of New York.

**FLSA COVERAGE**

16. At all times hereinafter mentioned, Defendants are and have been employers within the meaning of 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, Convalt Energy is and has been an enterprise within the meaning of 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, Convalt has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000, both individually and collectively (exclusive of excise taxes at the retail level which are separately stated).

19. At all times hereinafter mentioned, Saffer was an individual employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

**FACTS**

20. Saffer was employed by Convalt as its Chief Revenue Officer.

21. Saffer signed an employment agreement with Convalt dated September 15, 2022.

22. Achuthan negotiated the employment agreement on behalf of Convalt.

23. Achuthan signed the employment on behalf of Convalt.

24. Saffer began working for Convalt on September 19, 2202.

25. Saffer worked for Convalt at the Convalt facility in Watertown, NY and in his office in Boca Raton, FL.

26. Saffer worked under Achuthan's direction as the CEO of Convalt.

27. Achuthan signed checks to Saffer for his work and reimbursement of business expenses.

28. Achuthan was responsible for approving any payments to Saffer for work he conducted or expenses he incurred.

29. Saffer regularly worked 40 hours a week for Convalt.

30. Saffer worked more than 40 hours a week for Convalt in many weeks.

31. Convalt promised Saffer an annual salary of $200,000 but did not pay Saffer the salary. It gave him shares in the Company in lieu of paying the salary.

32. Saffer left Convalt on July 2, 2023.

33. When Saffer left the Company, Achuthan tasked two Convalt directors, Mark Berti and Richard Gephart to negotiate a termination agreement with Saffer. Gephart and Berti negotiated the agreement and then sought Achuthan's approval for the negotiated terms. Achuthan signed the termination agreement.

34. The Termination Agreement provides that Convalt will pay Saffer a commission on a sale Convalt negotiated with EDP Renewables. The sale had two phases. Convalt was to pay Saffer's commission on the first phase within 30 days of receiving payment.

35. The contract for sale between Convalt and EDP Renewable for the first phase of the sale was completed in or around September 2023.

36. Upon information and belief, the first phase of the sale was completed on or before December 1, 2023, and all the conditions for Convalt to pay Saffer's commission would have been met by January 31, 2024.

37. Saffer made several attempts to confirm that the conditions for the commission were met. Achuthan acting as Convalt's agent initially refused to confirm or deny that the conditions had been met.

38. After many weeks of seeking his commission, Convalt informed Saffer that it would not pay him the commission described in the Termination Agreement.

**FIRST CAUSE OF ACTION**
**(FAIR LABOR STANDARDS ACT: UNPAID MINIMUM AND OVERTIME WAGES)**

39. Saffer re-alleges and incorporates by reference all allegations in all preceding paragraphs.

40. Defendants failed to pay Saffer minimum wages for the hours he worked for Convalt and overtime wages for all the hours he worked more than 40 in a week as required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and its implementing regulations.

41. Defendants' failure to pay minimum and overtime wages was willful within the meaning of the FLSA.

42. Defendants' failure to comply with the FLSA minimum and overtime wage protections caused Saffer to suffer loss of wages and interest thereon, and he is entitled to recovery of

unpaid minimum and overtime wages, liquidated damages, attorneys' fees, costs, and any other compensation pursuant to 29 U.S.C. § 201, *et seq*.

**SECOND CAUSE OF ACTION**
**(NEW YORK LABOR LAW: UNPAID MINIMUM AND OVERTIME WAGES)**

43. Saffer re-alleges and incorporates by reference all allegations in all preceding paragraphs.

44. Defendants failed to pay Saffer minimum wages for all the hours he worked and overtime wages for all the hours more than 40 in a week as required by of New York Labor Law Articles 6 and 19 and their implementing regulations, including, but not limited to, Article 19, §650, et seq., and 12 NYCRR §142-2.1-2.2.

45. Defendants' failure to comply with the New York Labor Law minimum and overtime wage protections caused Saffer to suffer loss of wages and interest thereon, and he is entitled to recovery of unpaid minimum and overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs, and any other compensation pursuant to New York Labor Law Articles 6 and 19.

**THIRD CAUSE OF ACTION**
**(NEW YORK LABOR LAW: UNPAID COMMISSIONS)**

46. Saffer re-alleges and incorporates by reference all allegations in all preceding paragraphs.

47. Defendants failed to pay Saffer the commission agreed upon in his Termination Agreement as required by New York Labor Law § 191(c) and its implementing regulations.

48. Defendants' failure to pay the commissions due was willful.

49. Defendants' failure to comply with the New York Labor Law protections caused Saffer to suffer loss of wages and interest thereon, and he is entitled to recovery of unpaid commission, doubles damages, prejudgment interest, attorneys' fees, costs, and any other compensation pursuant to New York Labor Law Article 6.

## RELIEF SOUGHT

**WHEREFORE**, Saffer prays for judgment against Defendants as follows:

A. Finding Defendants liable for unpaid minimum and overtime wages due to Saffer and liquidated damages in an equal amount under the FLSA;

B. Awarding Saffer the costs of this action as provided under the FLSA;

C. Awarding Saffer his attorneys' fees as provided under the FLSA;

D. Finding Defendants liable for unpaid minimum and overtime wages due to Saffer and for liquidated damages equal in amount to the unpaid compensation found due him under New York Labor Law;

E. Finding Defendants liable for failing to pay Saffer the commission due him and for double damages in amount of the unpaid commission under New York Labor Law;

F. Awarding Saffer the costs of this action as provided under New York Labor Law;

G. Awarding Saffer his attorneys' fees as provided under New York Labor Law;

H. Awarding Saffer pre-judgment and post-judgment interest as provided under New York Labor Law; and

I. Granting such other and further relief as may be necessary and appropriate.

Dated: March 12, 2024

Respectfully Submitted,

*/s/ Michael J.D Sweeney*

Michael J.D. Sweeney (
GETMAN, SWEENEY & DUNN, PLLC
260 Fair Street
Kingston, NY 12401
Tel: (845) 255-9370
Fax: (845) 255-8649
Email: msweeney@getmansweeney.com