```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/20/2024__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT SAFFER,

        Plaintiff,

-against-

CONVALT ENERGY, INC., et al.,

        Defendants

24-CV-1850 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    In a joint letter-motion dated September 20, 2024 (Joint Letter) (Dkt. 57), the parties to this action, which includes a claim brought under the Fair Labor Standards Act (FLSA), seek approval of their fully executed Settlement Agreement and Release (FLSA Agreement) (Dkt. 57-2) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d. Cir. 2015).[1] In that letter-motion, the parties acknowledge that plaintiff also brought claims pursuant to the New York Labor Law and the common law (for breach of contract), and state that they settled those claims pursuant to a separate Confidential Settlement Agreement and Release (Confidential Agreement) (Dkt. 60), which does not require judicial approval but which they filed (under provisional seal, *see* Dkt. 59) "to assist the Court in approval of the FLSA settlement." Joint Ltr. at 1 n.1. The parties agreed to the material terms of the FLSA Agreement and the Confidential Agreement during a judicially-supervised settlement conference before me on August 22, 2024. Thereafter, they consented to my jurisdiction for all purposes. (Dkt. 58.)

    I find that the terms of the FLSA Agreement, both financial and non-financial, are fair and reasonable, as required by *Cheeks*, 796 F.3d at 199. Plaintiff's FLSA claim alleges that defendants failed to pay him minimum and overtime wages throughout his employment, from September 22,

---

[1] For unknown reasons, defendants' counsel uploaded this document to ECF as a "Notice of Settlement" rather than as a letter-motion, which it clearly is.

2022 to July 2, 2023. *See* Second Am. Compl. (Dkt. 37) ¶¶ 56-59. However, plaintiff also alleges that he was employed as the Chief Revenue Officer of defendant Convalt Energy, Inc. (Convalt), for which he was promised an annual salary of $200,000. *Id*. ¶¶ 21, 37. In their answer, defendants asserted that plaintiff was barred from relief under the FLSA because he "was at all times properly classified as an exempt employee," Ans. (Dkt. 44) ¶ 81, and further assert that he was paid for his work in Convalt warrants, some of which he was permitted to keep after his voluntary resignation pursuant to a separation agreement. *See id*. ¶ 92.

For settlement purposes, plaintiff calculates his potential FLSA damages at approximately $23,505 (including liquidated damages but not including prejudgment interest or attorneys' fees). Joint Ltr. at 3. Under the FLSA Agreement, defendants will pay plaintiff $30,000 (in a lump sum, within 60 days) to resolve his FLSA claim, of which plaintiff himself will receive $24,000, with the remaining $6,000 going to his counsel for their fees and for expense reimbursement. *Id*. at 2-3; *see also* FLSA Ag. ¶ 1. The payment is fair, particularly in light of the various defenses asserted by Convalt, which make plaintiff's ultimate recovery on his FLSA claim far from certain.[2] The attorneys' fee allocation (representing 20% of the FLSA settlement amount) is also fair, as it less than the percentage to which his counsel were entitled under the contingency agreement that plaintiff signed (Dkt. 62-3), is well below counsel's lodestar, as revealed by their contemporaneous timesheets (Dkt. 62-1), and is not excessive.[3]

---

[2] Convalt also asserted counterclaims. *See* Ans. ¶¶ 83-118.

[3] In addition to the $6,000 that plaintiff's counsel will receive pursuant to the FLSA Agreement, they will receive another $19,000 pursuant to the Confidential Agreement (which also provides for additional settlement compensation to plaintiff), for a total of $25,000 in attorneys' fees. *See* Joint Ltr. at 6 & n.3. Attorney Michael Sweeney, of Getman, Sweeny & Dunn, PLLC, together with one other Getman, Sweeny attorney, and a paralegal, spent a total of 106.8 hours on this case, including both the FLSA and the non-FLSA claims. (Dkt. 62-2 at 7, 10.) Assuming a rate of $450 per hour for the attorneys and $100 per hour for the paralegal, the firm's loadstar would come to $41,830.

I note as well that the parties engaged in motion practice and written discovery before the settlement conference, and that during the conference the terms were negotiated at arms' length by experienced counsel on both sides. The FLSA Agreement does not include any confidentiality clause or other restrictions upon plaintiff's ability to discuss his FLSA claim.[4] I therefore conclude that the settlement represents "a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Perossio v. Pure Growth Consulting, LLC*, 2023 WL 1368002, at *2 (S.D.N.Y. Jan. 31, 2023) (quoting *Mamani v. Licetti*, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014)).

Accordingly, the parties' letter-motions at Dkts. 57 and 59 are GRANTED; the FLSA Agreement is APPROVED as fair and reasonable; and this action is DIMISSED WITH PREJUDICE. The Clerk of Court is respectfully directly to close the case.

Dated:     New York, New York
           December 20, 2024           SO ORDERED.

_____
BARBARA MOSES
United States Magistrate Judge

---

[4] The Confidential Agreement does contain various confidentiality provisions. However, as the parties note in their letter-application (and as a matter of law), plaintiff retains the right to make truthful statements regarding his FLSA claim and its settlement. Joint Ltr. at 5.